O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORENE MENA-HERNANDEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> ———————————————————) | CASE NO. CV 07-02581 (RZ) <br><br> MEMORANDUM OPINION <br> AND ORDER |

      Plaintiff asserts that the Administrative Law Judge, the Commissioner's delegate, committed five errors in her decision. The Court agrees that the Administrative Law Judge erred in concluding that Plaintiff's mental impairment was not severe.

      Plaintiff suffered from depression. The Administrative Law Judge determined that this was not a severe impairment because Plaintiff had only two bouts of depression, in 2002 and 2006, and these were not indicative of an impairment that was severe or that lasted twelve months or longer. [AR 16] The regulations do not define a "severe" impairment. Instead, they state what a *non*-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521. The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities. *Id.* The requirement of having a severe impairment performs a gatekeeping function, screening out frivolous complaints.

*Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. SSR 85-28. This minimalist treatment has received the Courts' imprimatur. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all — it simply must have more than a minimal effect on his or her ability to do basic work functions. Indeed, quoting the Commissioner's own internal memoranda, the Ninth Circuit has stated that " an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.' S.S.R. 85-28." *Webb v. Barnhart*, 433 F.3d 683 (9th Cir. 2005).

It may be that Plaintiff did not have *disabling* depression, but that conclusion would be premature on this record. She sufficiently established depression to clear Step Two of the analysis. Not only did mental health professionals identify such depression in both 2002 and 2006, but also a neurologist prescribed the antidepressant Zoloft in 2005, between these two times. [AR 260] Furthermore, Plaintiff repeatedly stated that she was depressed, with credible reasons underlying that claim: receipt of a diagnosis, later shown to be faulty, that she suffered from amyotrophic lateral sclerosis; the death of her father; the effects of an abusive marriage and a seemingly abusive current relationship — this is a lot to bear. There was evidence that it at least minimally affected her, and, at Step Two, this is sufficient evidence of an impairment.

The error as to Step Two affects the other claimed errors as well. Impairments must be considered in combination, 42 U.S.C. § 423(d)(2)(B), and the Administrative Law Judge, having not found a severe mental impairment, therefore did not consider a mental impairment in combination with the physical impairments. The credibility determination turned largely on the medical evidence [AR 17], and thus it too may be affected by the existence of a severe mental impairment. The residual functional capacity, and the ability

1 to work notwithstanding that capacity, obviously also are affected by the determination that
2 Plaintiff suffered a mental impairment as well.
3       Accordingly, the Court remands the matter to the Commissioner for further
4 proceedings. The Commissioner shall take as established the existence of a severe mental
5 impairment, and proceed through the sequential evaluation taking that impairment into
6 consideration, along with the other impairments.
7       IT IS SO ORDERED.

9       DATED: May 30, 2008

                              RALPH ZAREFSKY
                   UNITED STATES MAGISTRATE JUDGE